(No. 5417— )

Robert C. Minor, Claimant, *vs.* State of Illinois, Respondent.

*Opinion filed April 12, 1972.*

William E. Aulgur, Attorney for Claimant.

William J. Scott, Attorney General; William E. Webber, Assistant Attorney General, for Respondent.

Burks, J.

Claimant was assaulted in his home by three convicts who had escaped from one of respondent's penal institutions and brings this action for damages resulting from his personal injuries and property stolen by the convicts.

Jurisdiction is conferred upon this Court to hear and determine such claims by a special statute: *Ch. 23, Sec. 4041, Ill.Rev.Stat, 1971.*

The facts relating to the escape of the three inmates from the Illinois State Penitentiary, Vienna Branch, on

December 16, 1966, their subsequent assault on the claimant, and their theft of his personal property are not in dispute. The escape was admittedly made possible by the negligence of respondent's employees at this minimum security prison. Among other things, one of the three convicts was permitted to possess the keys to an automobile at the prison. This car was used by the three inmates as a means of transportaion in escaping from the institution.

On the following day the three convicts arrived at the home of the claimant in a rural area of Saline County near Equality while claimant was away.

It was just getting dark when claimant came home from work. He arrived in his own automobile. As he started into the house to change clothes, he heard a noise, knew there was somebody in the house and started back to get into his car when the three convicts grabbed him. Claimant was then 62 years old. The convicts were armed with a shotgun. They threw him down, kicked him in the side, tied him up and took $40.00 out of his billfold. Then they stole his car and drove away. Claimant's car was never recovered.

Respondent concedes liability, and the only disputed question before us is the amount of claimant's damages.

Claimant's only apparent physical injury consisted of a cracked rib. According to the record, he saw Dr. Denton Ferrell three or four times and treatment consisted of shots and a heat pad for 30 minutes 3 times a day for a while. His total doctor's bill was $32.00. There was no medical testimony or sufficient evidence in the record to support a finding of any permanent disability or residual effects.

The record does establish that, for a period of just over 3 months following his injury, claimant was physically unable to perform the duties of his occupation. He was employed by Stanley Edmister in the construction business,

an occupation claimant had followed for 30 years, and his duties were those of a concrete finisher for which he was paid wages of $28.00 per day. According to claimant's testimony, he lost 61 days of work which would amount to a loss of wages totaling $1,708.00.

Claimant's other known financial loss was the $40.00 which the convicts took from his billfold and his 1956 Buick which the convicts stole. The parties agreed that the fair market value of claimant's car was $200.00.

The above mentioned items show that claimant's actual financial loss as a result of the injuries he sustained was at least $1,980.00. The major item was claimant's loss of wages amounting to $1,708.00. Respondent does not question the amount of time lost from employment, but suggests that claimant's damages for this loss should be based on his take-home pay, instead of gross pay, since any award for damages would be tax exempt. Respondent offers no authority in support of this contention. The Illinois Supreme Court, considering this question for the first time in *Hall* vs. *Chicago & N. W. Ry. Co.*, *5 Ill. 2d 135*, at page 149, quoted with approval the following rules stated in *9 A.L.R. 2d 320*:

"Where the question has arisen, in reported cases, the courts generally have been of the opinion that in fixing damages for impairment of earning capacity the fact that the damage award will be exempt from income tax, whereas if the awardee had not sustained the loss of earning capacity and had gone to work and received the income forming the basis of such damage award, he would have become subject to income tax liability on such earnings, is not a matter to be taken into consideration and is no ground for diminishing the amount of damages for impairment of earning capacity."

In addition to claimant's actual financial loss, the Court has also carefully considered claimant's testimony as to the pain and suffering he experienced while he was off work and his discomfort after returning to his job, when, as was generally the case, his duties required him to lift heavy objects such as concrete blocks and forms. As we stated

above, the record does not support a finding of any permanent injury, but there was unquestionably some pain and suffering during the period that claimant was unable to work and for some time thereafter. There is no fixed rule of compensation for such damages, and they are incapable of exact mathematical calculation. See *I.L.P. Damages §141, 142*. But in estimating damages, consideration may be given to physical pain and suffering, *Kocimski* vs. *Yellow Cab Co., 45 Ill. App. 2d, 288*. We believe that the case before us is one that merits such consideration, and that a reasonable amount should be included in the award for claimant's pain and suffering.

The claimant, Robert C. Minor, is hereby awarded the sum of $3,480.00.